UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JERRY WYAIN GORMAN, JR.,

                      Plaintiff,

       -against-                               5:12-CV-0939 (LEK/ATB)

COMMISSIONER OF SOCIAL
SECURITY,

                      Defendant.

_____

## **DECISION and ORDER**

**I.**     **INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on May 28, 2013, by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d) of the Northern District of New York. Dkt. No. 14 ("Report-Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff Jerry Wyain Gorman, Jr. ("Plaintiff"), which were filed on June 6, 2013. Dkt. No. 15 ("Objections"). Defendant the Commissioner of Social Security ("Commissioner") has filed a Response to the Objections. Dkt. No. 17 ("Response"). For the following reasons, the Court approves and adopts the Report-Recommendation in its entirety.

**II.**     **BACKGROUND**

    **A. Procedural History**

On February 11, 2010, Plaintiff protectively filed for Disability Insurance Benefits, alleging disability with an onset date of March 1, 2009. Dkt. No. 9 ("Administrative Transcript") at 12, 110-11. Plaintiff alleges disability stemming from degenerative disc disease of the cervical spine, obesity,

history of gout, meniscal deterioration of the knee, history of carpal tunnel release procedure, sleep apnea, thyroid disease, and gastritis/gastroparesis. Dkt. No. 11 ("Plaintiff's Brief") at 2; Admin. Tr. at 14-15. Plaintiff's claims were initially denied on May 26, 2010. Admin. Tr. at 12. Plaintiff filed a written request for a hearing on June 4, 2010. Id. On February 15, 2011, Plaintiff appeared before an Administrative Law Judge ("ALJ") who denied Plaintiff's claim in a decision dated August 26, 2011. Id. at 9-24. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 25, 2012. Id. at 1-3.

Plaintiff filed his appeal in this matter on June 8, 2012. Dkt. No. 1 ("Complaint"). In his Report-Recommendation, Judge Baxter recommends that the Court deny Plaintiff's appeal and dismiss his Complaint. Dkt. No. 1 ("Complaint"). See generally Report-Rec.

### B. Factual Background

The Court presumes the parties' familiarity with the facts underlying this case. For a complete statement of the facts, reference is made to the Administrative Transcript and the parties' respective Briefs. Pl.'s Br.; Dkt. No. 13 ("Commissioner's Brief").

## III. LEGAL STANDARDS

### A. Review of Magistrate's Report-Recommendation

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a

2

mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). A district court also "may receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b)(3).

**B. Review of the ALJ's Determination**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, a reviewing court will reverse the Commissioner's determination only if the correct legal standards were not applied or if the determination was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see also Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

The substantial-evidence standard requires evidence amounting to "more than a mere scintilla" and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). If the evidence is deemed susceptible to more than one rational interpretation, then the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). That is, a court must afford the Commissioner's determination considerable deference and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984) (citing Bastien v. Califano, 572 F.2d 908, 912 (2d Cir. 1978)).

The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act.[1] See 20 C.F.R. §§ 416.920,

---

[1] This five-step process is detailed as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. §§ 416.920, 404.1520.

4

404.1520. The U.S. Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and the five-step process remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42 (1987). While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See id. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir. 1984). The final step of the inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(g), 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460 (1983).

## IV. DISCUSSION

### A. The Report-Recommendation

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to

> perform the full range of light work as defined in 20 C.F.R. 404.1567(b). Specifically, [Plaintiff] can occasionally lift, carry, push or pull 20 pounds; can frequently lift, carry, push or pull 10 pounds; can stand or walk, in combination for 6 hours in an 8-hour workday with normal breaks; and can sit for 6 hours in an 8-hour workday with normal breaks.

Tr. at 16. In his Brief, Plaintiff challenged the ALJ's RFC determination on several grounds, including that: (1) the ALJ erred in failing to apply the treating-physician rule to Dr. Margaret Sennett's ("Dr. Sennett") opinion limiting Plaintiff to less than sedentary work; and (2) the ALJ's credibility determination is flawed because, *inter alia*, the ALJ considered only those parts of the record that supported his determination and did not take Plaintiff's strong work history into account. Pl.'s Br. at 3-5, 7-9.

5

According to Plaintiff, the ALJ's refusal to give Dr. Sennett's opinion controlling weight, because it was based primarily on Plaintiff's self-reported symptoms and limitations, was in violation of the Second Circuit's holding in Green-Younger v. Barnhart, 335 F.3d 99 (2d Cir. 2003). Pl.'s Br. at 3-4. Green-Younger, Plaintiff argues, "held that a treating physician's opinion can be based on subjective complaints." Id. at 3. Judge Baxter rejects Plaintiff's argument in the Report-Recommendation, finding that Green-Younger is distinguishable from this case. See Report-Rec. at 11-12. In Green-Younger, Judge Baxter explains, the treating physician's opinion was "supported by medically acceptable clinical and laboratory diagnostic techniques" as well as the claimant's subjective complaints. See id. (quoting Green-Younger, 335 F.3d at 107). Dr. Sennett's opinion, however, was rendered via a form questionnaire without an accompanying report explaining her findings or indicating that her opinion was based on her own clinical examinations of Plaintiff. See id. at 12-13; id. at 14 ("In this case, . . . the treating physician's 'form' is not corroborated by the contemporaneous treatment notes, nor is it corroborated by the findings of the specialists who[m] Dr. Sennett references in her contemporaneous reports."). Furthermore, Judge Baxter concludes that substantial evidence exists in the record that is inconsistent with Dr. Sennett's opinion. Id. at 12. He then recites that evidence in great detail over the next ten pages of the Report-Recommendation. See id. at 11-22.

In regard to the ALJ's credibility determination, Judge Baxter found that the ALJ properly considered all evidence of record, not just the evidence that supported his determination, and that his determination was supported by substantial evidence. See id. at 23-24 & nn.14-15. Judge Baxter also found that the ALJ did not err by failing to mention Plaintiff's work history explicitly, because work history "is only one of the factors that are appropriately considered in assessing credibility," id. at 25 (citing Wavercak v. Astrue, 420 F. App'x 91, 94 (2d Cir. 2011)), and the ALJ's credibility

6

determination was otherwise "quite detailed and emphasized inconsistencies between [P]laintiff's medical condition, his stated limitations, the limitations that he mentioned to physicians when obtaining treatment, and the extent of his activities," id.

**B. Plaintiff's Objections**

*1. Treating-Physician Rule*

Plaintiff makes two specific objections to Judge Baxter's recommendation that the Court find no error in the ALJ's decision not to give Dr. Sennett's opinion controlling weight under the treating-physician rule. See Objs. at 2-3. First, Plaintiff argues that Judge Baxter both misinterpreted Green-Younger and misapplied it to this case, because "the ALJ [did] not primarily reject Dr. Sennett's RFC based on apparent inconsistencies; he reject[ed] her RFC assessment because [it was] based on [Plaintiff's] self-reported symptoms and limitation." Objs. at 2. Second, Plaintiff argues that Judge Baxter failed to recognize that if the ALJ found Dr. Sennett's opinion to be lacking in explanation, the ALJ was obligated to develop the record by contacting Dr. Sennett. See id. at 3.

Plaintiff's first objection appears to be premised on arguments that are substantively similar to arguments he raised before Judge Baxter. Compare id. at 2-3, with Pl.'s Br. at 3-5. By contrast, Plaintiff never argued before Judge Baxter that the ALJ should have sought clarification from Dr. Sennett regarding her opinion. See generally id. Thus, Plaintiff's first objection requires only clear-error review, see Farid, 554 F. Supp. at 306, while Plaintiff's second objection requires no review at all, although the Court may nevertheless exercise its discretion to review that objected-to portion of the Report-Recommendation, see Fils-Aime v. Chase Manhattan Bank, N.A., 71 F. Supp. 2d 257, 258 (S.D.N.Y. 1999) (citing Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) (holding that the plaintiff waived her argument by failing to present it to the magistrate); Singh v.

Superintending Sch. Comm., 593 F. Supp. 1315, 1318 (D. Me. 1984) ("[A]ll parties are required to take before [the magistrate], not only their best shot but all of their shots." (internal quotation marks omitted))). The Court finds no clear error in the objected-to portions of the Report-Recommendation.

Furthermore, Plaintiff's objections fail even under a *de novo* standard of review. Plaintiff's first objection fails because the Court finds no error either in Judge Baxter's interpretation of Green-Younger or his application of it to the record in this case. As Judge Baxter found, Green-Younger stands for the proposition that a treating physician's opinion that is adequately supported by medical evidence is not undermined because the opinion also relies on the claimant's subjective complaints. See 335 F.3d at 107; Report-Rec. at 11-12. And contrary to Plaintiff's contention, the ALJ did not decline to give Dr. Sennett's opinion controlling weight merely because it was based, in large part, on Plaintiff's subjective complaints. Rather, the ALJ clearly grounded his decision on his conclusions that: (1) Dr. Sennett did not support her opinion with her own clinical findings, and thus her opinion is based *almost entirely* on Plaintiff's subjective complaints and the reports of Plaintiff's other physicians;[2] and (2) the other medical evidence of record (including the physician reports that Dr. Sennett relied on) did not support Dr. Sennett's opinion.[3] See generally Admin. Tr. at 16-22. Judge Baxter reached these same

---

[2] See Admin. Tr. at 22 ("Dr. Sennett's medical opinion is not supported by her own clinical finds on examination and instead appears to be based primarily on [Plaintiff's] self-reported symptoms and limitations for purposes of his claim for benefits.").

[3] See Admin. Tr. at 22 ("The medical opinion of [Plaintiff's] treating primary care physician, Dr. Sennett, limiting [Plaintiff] to less than sedentary work or indicating the need for a sit/stand option, is not supported by the record and is accorded little weight."); id. ("However, Dr. Sennett's opinion is not supported by the lack of positive objective clinical findings on repeat examinations performed by [Plaintiff's] treating specialists. None of [Plaintiff's] treating sources observed any muscle atrophy, which indicates that [Plaintiff] does not suffer from the type of disuse generally associated with extreme limitations of functioning."); id. ("It is noted that Dr. Sennett's medical opinion cannot be accorded controlling weight as a treating physician's opinion because it is not well-supported by medical evidence and is inconsistent with other substantial evidence, including

conclusions after performing an independent and exhaustive examination of the medical evidence of record. See Report-Rec. at 11-22. Plaintiff's first objection is, therefore, without merit.

Plaintiff's second objection also fails because even if Dr. Sennett provided explanation for her opinion, there still would be substantial medical evidence in the record contradicting her opinion and supporting, instead, the ALJ's determination. Therefore, the Court has no basis upon which to reject Judge Baxter's recommendation, reverse the Commissioner's decision, and remand this case to the ALJ with instructions to seek clarification from Dr. Sennett, as such clarification would not invalidate the ALJ's original determination.

### 2. *Plaintiff's Credibility*

Plaintiff makes several specific objections to Judge Baxter's recommendation that the Court find no error in the ALJ's determination that Plaintiff's testimony was not credible. Objs. at 3-6. Each objection is clearly premised, however, on arguments already made before Judge Baxter. Compare id., with Pl.'s Br. at 7-9. Thus, the objections require only clear-error review, see Farid, 554 F. Supp. at 306, and the Court finds no such error in the objected-to portions of the Report-Recommendation.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 14) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

---

[Plaintiff's] reported activities of daily living.").

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED: August 09, 2013
            Albany, New York

Lawrence E. Kahn
U.S. District Judge